FILED
U.S. DISTRICT COURT

JAN 19 PM 2:40

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | |
|---|---|
| PAUL A. STEPHENS, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| PAPA JOHNS, ) | 1:05-cv-0095-JDT-TAB |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, named-above, complains of act and omissions to act by the Defendant. In support of his Complaint and as cause of action against Defendant, Plaintiff respectfully submits the following:

### JURISDICTION

1. This suit is authorized and instituted pursuant to 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000 et al., Age Discrimination in Employment Act (ADEA) 29 U. S. C. §§ 621 et. al., all as amended by the Civil Rights Act of 1991; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and the EEOC issued a right to sue letter on November 30, 2004.

### PARTIES

3. Plaintiff, Paul A. Stephens Jr., is a fifty-two (52) years old black male citizen of the United States and at all relevant times he resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. Plaintiff began working for Papa John's Pizza on September 1, 2002.

6. Plaintiff's job title was director of operations.

7. As director of operations Plaintiff performed his job well.

8. All of Plaintiff's evaluations were satisfactory or better.

9. Plaintiff's sales and profits for 2004 were among the best in the country, if not the best in the country.

10. Plaintiff had never been disciplined for any reason.

11. Nevertheless, on August 21, 2004, Plaintiff was terminated.

12. The purported reason for Plaintiff's termination was that he failed to comply with the standards outlined in Defendant's code of ethics.

13. Defendant states that Plaintiff violated the code of ethics because he did not report a claim of sexual harassment against himself and that Plaintiff investigated the claim himself.

14. There was never a sexual harassment claim against Plaintiff.

15. There were rumors that a young lady had stated she was going to file a claim against Plaintiff but no such claim or complaint had ever been made.

16. Plaintiff simply asked the young lady if the rumor was true and if so she should contact the Human Resource Department.

17. The young lady said the rumor was not true and there was nothing to report.

18. Thus, Plaintiff did not in any way violate Defendant's code of ethics.

19. Further, there is a white director of operations who is under forty (40) who did in fact violate the code of ethics by dating a manager subordinate to him and he was not terminated.

20. Also, the woman who Plaintiff spoke to about the rumor regarding sexual harassment

is a manager with Defendant and is white and thirty-five (35) years old.

21.   She, in fact, violated the code of ethics by not immediately reporting her concern of sexual harassment to a manager or director and also conducted her own investigation by soliciting statements and interviewing crew members.

22.   She was not disciplined nor terminated.

23.   Defendant terminated Plaintiff due to his age and/or race all of which is a violation of Title VII and the Age Discrimination in Employment Act (ADEA).

## COUNT I

24.   Plaintiff incorporates by reference paragraphs 1-23.

25.   Defendant as a result of terminating Plaintiff due to his race violated 42 U.S.C. § 1981.

## COUNT II

26.   Plaintiff incorporates by reference paragraphs 1-23.

27.   Defendant as a result of terminating Plaintiff due to his race violated Title VII, 42 U.S.C. § 2000 et al.

## COUNT III

28.    Plaintiff incorporates by reference paragraphs 1-23.

29.    Defendant as a result of terminating Plaintiff due to his age violated the Age Discrimination in Employment Act (ADEA) 29 U. S. C. §§ 621 et. al.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A.    Reinstate Plaintiff to position from which he was terminated or front pay in lieu of termination.

B.    Award Plaintiff back pay and benefits lost;

C. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff punitive damages;

F. Award Plaintiff his costs in this action and reasonable attorney fees;

G. Grant Plaintiff a permanent injunction enjoining Defendant from engaging in any employment practice or policy which discriminates against Plaintiff on the basis of race.

H. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully submitted,

_____
GREGORY A. STOWERS, 13784-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by jury.

Respectfully submitted,

STOWERS WEDDLE & HENN P.C.

GREGORY A. STOWERS, 13784-49
Attorney for Plaintiff

Gregory A. Stowers, 13784-49
STOWERS WEDDLE & HENN P.C.
One Virginia Avenue
Suite 400
Indianapolis, IN 46204
(317)636-6320